## H. KELLOGG v. J. P. McMILLAN AND WIFE.

The defendant, in a petitory action, is estopped from setting up the irregularities in a Sheriff's sale, after a formal recognition of the title of the plaintiff's vendor under that sale.

APPEAL from the Third District Court of the Parish of Jefferson, *Clarke*, J. *V. F. & J. B. Cotton*, for plaintiff.

*Purvis & Dugué*, for defendant and appellant:

It is plain that this judgment* is impossible of execution, for uncertainty, and must therefore be reversed.

A judgment, condemning the defendant to pay rent from the inception of the suit until he surrender possession of the premises, is erroneous, as there is no way by which the Sheriff can ascertain whether defendant held possession beyond the date of the judgment, or for how long. 2 L. 405. 7 L. 409.

BUCHANAN, J. This is a petitory action. The plaintiff proves title from *Elisha Crocker*, who purchased at Sheriff's sale, in execution of a judgment against Mrs. *McMillan*, one of the defendants. The latter has argued, by counsel, before this court, that the proceedings which resulted in the sale by the Sheriff, were irregular and void; but it is unnecessary to go into an examination of this ground of defence, inasmuch as the record shows a formal recognition of *Crocker's* title, under the said Sheriff's sale, made by both the defendants in a notarial act of sale from *Elisha Crocker* to Mrs. *McMillan ;* in which conveyance, the Sheriff's sale in question is recited as the basis of *Crocker's* title. This recognition was mad e several months before the presen suit was brought.

We think that justice has been done by the judgment of the District Court, which is therefore affirmed, with costs.